UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CIVIL ACTION NO.

FAIRSHARE SOLUTIONS, LLC,
                Plaintiff,

v.

MARGARET G. VAN SCIVER, in her capacity as EXECUTRIX OF THE ESTATE OF HARRY B. VAN SCIVER and MARGARET G. VAN SCIVER individually,
                Defendants.

**COMPLAINT FOR DECLARATORY JUDGMENT**

**I.   INTRODUCTION**

1. Plaintiff, Fairshare Solutions, LLC ("FS"), brings this declaratory judgment action for a determination as to the disposition of life insurance proceeds it received as the beneficiary of a life insurance policy on the life of Harry B. Van Sciver.

**II.   PARTIES**

2. FS is a Rhode Island limited liability company with an address of 998 Providence Street, West Warwick, RI 02893.

3. On information and belief, the Estate of Harry B. Van Sciver, is an estate being probated in the Barnstable Probate Court in the Commonwealth of Massachusetts ("Estate").

4. Margaret G. Van Sciver is an individual resident of the Commonwealth of Massachusetts.

### III. <u>JURISDICTION AND VENUE</u>

5. This is an action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, seeking a determination of the rights and obligations of the parties under policies of insurance.

6. This action is brought pursuant to 28 U.S.C. § 2201 and seeks a judgment that FS has no duty or obligation, to turnover the life insurance proceeds received by the beneficiary FS to the Estate.

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because it involves an amount in controversy which exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiff and Defendants.

8. Venue is proper in this Court because FS is a Rhode Island limited liability company, and the sole voting member of FS, Dennis Rogers is a Rhode Island resident.

### IV. <u>FACTS</u>

#### A. INSURANCE POLICY

9. FS is the owner of a $1,000,000.00 life insurance policy through Transamerica Life Insurance Company, insuring the life of Harry B. Van Sciver, for the benefit of FS ("Policy").

10. FS is the owner of the Policy.

11. FS paid the premiums for the Policy.

12. Harry B. Van Sciver ("Mr. Van Sciver") was the majority member of FS holding a 66.7% interest in FS.

13. Dennis Rogers ("Mr. Rogers") is the sole voting member of FS with a 33.3% interest in FS.

14. The parties never executed a Buy-Sell Agreement or any other enforceable agreement concerning the disposition of life insurance proceeds.

15. On or about April 29, 2020, Mr. Van Sciver and Mr. Rogers executed an Operating Agreement of Fairshare Solutions, LLC ("OA").

16. Article 18 of the OA, **Assignment of Interest** provides in pertinent part that:

*"No Member may pledge, assign or otherwise permit any lien or encumbrance upon any Member's financial interest in the Company without the Unanimous Vote of all Members. Notwithstanding the foregoing, in the event that a Member's interest in the Company is transferred or assigned as the result of a court order or Operation of Law, the trustee in bankruptcy or other person acquiring that Member's interest in the Company will only acquire that Member's economic rights and interest, and will not acquire any voting or other rights of that Member, or be admitted as a Member of the Company or have the right to exercise any management or voting interest."*

17. There was never a vote by the majority of the members to assign Mr. Van Sciver's membership interests in FS, and therefore, Mr. Van Sciver's membership interests in FS are economic rights and interest only.

18. Mr. Van Sciver unfortunately and unexpectedly passed away on January 8, 2024.

19. FS received the insurance proceeds under the Policy.

20. Subsequent to Mr. Van Sciver's passing, the widow of Mr. Van Sciver, Margaret Van Sciver ("Ms. Van Sciver") sent Mr. Rogers correspondence requesting that he turnover the entirety of the $1,000,000.00 proceeds from the Policy to Ms. Van Sciver.

21. FS seeks a declaration that FS has no obligation to turn over the entirety of the $1,000,000.00 proceeds from the Policy to Ms. Van Sciver the proceeds from the Policy.

## COUNT I

### Declaratory Judgment – Ms. Van Sciver.

22. FS incorporates and repeats the allegations set forth in paragraphs 1 through 21 of the Complaint, inclusive, as set forth above, as if set forth in full herein.

23. Based upon the foregoing, FS does not have any obligation to turn over the entirety of the proceeds under the Policy to Ms. Van Sciver.

24.     FS is entitled to a declaration that it has no obligation to turn over the entirety of the proceeds under the Policy to Ms. Van Sciver.

## COUNT II

### Declaratory Judgment – Estate.

25.     FS incorporates and repeats the allegations set forth in paragraphs 1 through 24 of the Complaint, inclusive, as set forth above, as if set forth in full herein.

26.     Based upon the foregoing, FS does not have any obligation to turn over the entirety of the proceeds under the Policy to the Estate.

27.     FS is entitled to a declaration that it has no obligation to turn over the entirety of the proceeds under the Policy to the Estate.

WHEREFORE, Plaintiff, Fairshare Solutions, LLC, prays that the Court:

1.  Under Count I - Issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 determining and declaring FS as the beneficiary and owner of the Policy, is not obligated to turn over the proceeds under the Policy to Ms. Van Sciver;

2.  Under Count II - Issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 determining and declaring FS as the beneficiary and owner of the Policy, is not obligated to turn over the proceeds under the Policy to the Estate;

3.  awarding FS its costs and fees, to the extent permitted by law; and

4.  granting FS such other and further relief as this Court deems proper and just.

FAIRSHARE SOLUTIONS, LLC

By its attorneys,

/s/ Ryanna T. Capalbo, Esq.

BILODEAU CAPALBO, LLC
Andrew R. Bilodeau, Esq. (#7174)
Ryanna T. Capalbo, Esq. (#8314)
Bilodeau Capalbo, LLC
1350 Division Rd., Suite 102
West Warwick, RI 02893
Telephone: 401-300-4055
Fax: 401-633-7511
abilodeau@bilodeaucapalbo.com
rcapalbo@bilodeaucapalbo.com

Dated: April 2, 2024