UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| FAIRSHARE SOLUTIONS, LLC, :<br>    *Plaintiff/Counterclaim Defendants* :<br>   :<br>vs. :<br>   :<br>MARGARET G. VAN SCIVER, in her :<br>capacity as EXECUTRIX OF THE :<br>ESTATE OF HARRY B. VAN SCIVER and :<br>MARGARET G. VAN SCIVER, individually, :<br>    *Defendants/Counterclaim Plaintiffs/* :<br>    *Third Party Plaintiffs* :<br>vs. :<br>   :<br>DENNIS F. ROGERS, in his capacity as a :<br>Member of Fairshare Solutions, LLC :<br>    *Third Party Defendant* : | C.A. No. 1:24-cv-00140-WES-PAS |

## THIRD PARTY COMPLAINT

Now come Defendants/Counterclaim Plaintiffs and Third Party Plaintiffs, Margaret G. Van Sciver, in her capacity as Executrix of the Estate of Harry B. Van Sciver, and Margaret G. Van Sciver, individually (collectively the "Third-Party Plaintiffs") and pursuant to Rule 14 of the Federal Rules of Civil Procedure allege for their Third Party Complaint against Third Party Defendant, Dennis F. Rogers ("Rogers"), in his capacity as a Member of Fairshare Solutions, LLC as follows:

## PARTIES AND JURSIDICTION

1. Margaret G. Van Sciver ("Margaret") is an adult individual residing at 575 Mistic Drive, Marston Mills, Massachusetts.

2. On or about March 29, 2024, the Barnstable Probate and Family Court of the Commonwealth of Massachusetts granted to Margaret a letter of authority for personal representative in the Estate of Harry Benjamin Van Sciver a/k/a Harry B. Van Sciver, date of

death January 8, 2024. The court accepted for probate the June 7, 2018 Will of Harry Benjamin Van Sciver a/k/a Harry B. Van Sciver.

3. Fairshare is registered as a Rhode Island limited liability company doing business in the Commonwealth of Pennsylvania and maintaining a principal place of business at 529 Seven Bridges Road, Suite 300, East Stroudsburg, Monroe County, Pennsylvania.

4. Whitebriar Financial Corporation ("Whitebriar") is a Massachusetts corporation with a principal place of business at 575 Mistic Drive, Marston Mills, Massachusetts.

5. Dennis F. Rogers ("Rogers") is the sole surviving original Member of Fairshare pursuant to the Operating Agreement of Fairshare Solutions, LLC, dated April 29, 2020, and is an adult individual residing at 2566 Wigwam Park Road, East Stroudsburg, Pennsylvania. (*See* Exhibit 1, Operating Agreement).

6. Rogers is the sole surviving member of Fairshare and the owner of a minority one-third ownership interest. (Exhibit 1 at ¶ 7).

7. Prior to his death on January 8, 2024, Harry B. Van Sciver ("Harry") was a member of Fairshare and the owner of a two-thirds majority ownership interest. (Exhibit 1 at ¶ 7).

8. Upon his death, Harry's two-thirds majority ownership interest in Fairshare was acquired by Margaret pursuant to the terms of the Operating Agreement. (Exhibit 1 at ¶ 27).

9. Venue is proper because Fairshare is registered with the Rhode Island Department of State as a domestic limited liability company.

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum of $75,000 and is between citizens of different states.

## FACTS

11.     On June 4, 2021, Harry and Roger, as the sole Members of Fairshare, executed a Resolution Regarding Life Insurance and Use of Life Insurance Proceeds ("Resolution") that was witnessed by Margaret and Julie A. Rogers.  (*See* Exhibit 2, Resolution)

12.     The Resolution provides for the purchase of a key man insurance policy on Harry's life from Transamerica Life Insurance Company ("Transamerica"), Policy No. 6601010704, with a death benefit of one-million dollars and no cents ($1,000,000.00) (the "insurance proceeds") (Exhibit 2 at pg. 1).

13.     The Resolution also provides for the purchase of a key man insurance policy on Roger's life from New York Life Insurance, Policy No. 47693571, with a death benefit of four-hundred thousand dollars and no cents ($400,000.00). (Exhibit 2 at pg. 2).

14.     The Resolution expressly provides that following Harry's death, as the "insured," and upon receipt of the death benefit proceeds by Fairshare, as the "policy owner and primary beneficiary" thereunder, that:

> **Fairshare will, in the following order:**
>
> **1st Pay all amount(s) that Fairshare owes at that time, if any, to Whitebriar Financial Corporation ("WFC"), including but not limited to loans, notes and consulting fees; and then**
>
> **2nd After deducting amounts (if any) owing to Fairshare at that time by Harry Van Sciver or his estate, Fairshare will then pay to the estate of Harry Van Sciver all amount(s) (if any) that Fairshare owes to Harry Van Sciver or his estate, including but not limited to salaries, dividends, distributions, loans, notes or consulting fees; and then**
>
> **3rd Pay any remaining balance of the Insurance Proceeds to Margaret Van Sciver, or to any nominee of Margaret Van Sciver (including but not limited to the estate of Harry Van Sciver), at the sole and complete discretion of Margaret Van Sciver.**
>
> (Emphasis added) (Exhibit 2 at pg. 2).

15. At the time of Harry's death, on January 8, 2024, this Resolution remained in effect and fully enforceable.

16. Upon information and belief, as of the filing of this Third Party Complaint, there is no evidence of the Resolution having ever been amended or revoked.

17. The Resolution expressly provides that "[i]t is the express and unanimous intent of the parties executing this Resolution and the parties attesting to it, that no beneficiary of or interested party in or under this Resolution ever shall contest it." (Exhibit 2 at pg. 2).

18. On or about January 30, 2024, Rogers transmitted a letter to Margaret addressing the key man insurance policy referenced in the Resolution, and stating, in pertinent part, "In accordance with the corporate resolution we had in place, the debt owed to Whitebriar will be taken care of and other debt owed by Fairshare. Following this process, there remains a surplus amount that, as per our resolution, is designated for you for disbursement at your sole discretion." (*See* Exhibit 3, Rogers Letter of January 30, 2024).

19. Upon information and belief, following Harry's death on January 8, 2024, Rogers, as the sole surviving Member of Fairshare, submitted a claim for Harry's death benefit to Transamerica and requested a payment be made to Fairshare.

20. On or about March 8, 2024, Thomas A. Rockwell, Esq., counsel for Margaret and the Estate, sent written correspondence to Rogers and Fairshare advising that the claim form for the Transamerica Policy on the life of Harry had been submitted, and he requested that when Rogers and Fairshare received the life insurance proceeds check that it be endorsed on behalf of Fairshare, but not be deposited, as the proceeds were to be deposited in the law firm's escrow account and then distributed to Margaret per the June 4, 2021 Resolution. (*See* Exhibit 4, Thomas A. Rockwell, Esq. letter dated March 8, 2024).

21. Upon information and belief, in March 2024, Fairshare and Rogers received a check in excess of one-million dollars and no cents ($1,000,000.00) from Transamerica on the claim for Harry's death benefit.

22. Upon information and belief, Rogers took possession of the insurance proceeds from Transamerica and has not advised Third Party Plaintiffs as to the location of the entirety of those funds.

23. Rogers has not distributed any of those proceeds to Whitebriar following Harry's death, per the express language of the Resolution. (Exhibit 2).

24. Fairshare has an outstanding debt that is owed to Whitebriar of approximately five-hundred eighty-six thousand nine-hundred-fifty dollars and no cents ($586,950.00), plus interest which continues to accrue on a daily basis.

25. Rogers has not distributed any of the insurance proceeds to Margaret or the Estate for distribution in her sole discretion, per the express language of the Resolution. (Exhibit 2).

26. As required by the Resolution, Margaret is ready, willing, and able to deliver to Fairshare and Rogers, upon payment of the death benefit proceeds from the Transamerica Policy, a release of all interest of Margaret and/or the Estate "in or to Fairshare back to Fairshare." (Exhibit 2 at pg. 1).

27. Pursuant to the Operating Agreement, by operation of law following Harry's death, his two-thirds ownership interest in Fairshare is assigned to his Estate, through his personal representative, Margaret. (Exhibit 1 at ¶ 27).

28. Margaret, as the personal representative of Harry's Estate, has acquired Harry's two-thirds economic rights and interest in Fairshare. (Exhibit 1 at ¶ 27).

29. On March 21, 2024, Andrew R. Bilodeau, Esq., as counsel to Fairshare, sent a letter to Attorney Rockwell advising that Fairshare did not acknowledge the Resolution of June 4, 2021. (*See* Exhibit 5, Andrew R. Bilodeau, Esq. Letter dated March 21, 2024).

30. Despite demands for accounting by Margaret, Rogers has denied Margaret access to, and has not made any financial records or information related to Fairshare available to Margaret despite her acquisition of Harry's two-thirds economic rights and interest in Fairshare.

## COUNT I
### *Declaratory Judgment*

31. Third Party Plaintiffs incorporate and repeat the allegations contained in paragraphs 1 through 30 of their Third Party Complaint as if fully set forth herein.

32. Third Party Plaintiffs rights under the June 4, 2021 Resolution have been affected by Roger's refusal to distribute the life insurance proceeds he received from Transamerica, and an actual and justiciable controversy has arisen between the parties. (Exhibit 2).

33. Third Party Plaintiffs seek a declaration of their rights, status and other legal relations thereunder in accordance with R.I. Gen. Laws § 9-30-1, *et seq.*

34. Third Party Plaintiffs seek a declaration from this Court that the life insurance death benefit proceeds that Rogers received from Transamerica, on the life insurance policy for Harry, shall be distributed to Margaret and/or the Estate pursuant to the Resolution entered into on June 4, 2021. (Exhibit 2).

35. Nothing contained in the express and unambiguous language contained in the June 4, 2021 Resolution entitled Rogers to retain said proceeds. (Exhibit 2).

36. Rogers' refusal to distribute the life insurance proceeds pursuant to the Resolution has caused the Third Party Plaintiffs to suffer damages.

## COUNT II
### *Breach of Contract*

37. Third Party Plaintiffs incorporate and repeat the allegations contained in paragraphs 1 through 36 of their Third Party Complaint as if fully set forth herein.

38. On June 4, 2021, Harry and Rogers, the then two Members of Fairshare, knowingly entered into and executed the Resolution attached to this Counterclaim as Exhibit 2.

39. Said Resolution remained in full force and effect at the time that Harry died on January 8, 2024.

40. Per the Resolution, the insurance proceeds received as a death benefit for Harry were to be used by Fairshare in the following manner:

> **1st Pay all amount(s) that Fairshare owes at that time, if any, to Whitebriar Financial Corporation ("WFC"), including but not limited to loans, notes and consulting fees; and then**
>
> **2nd After deducting amounts (if any) owing to Fairshare at that time by Harry Van Sciver or his estate, Fairshare will then pay to the estate of Harry Van Sciver all amount(s) (if any) that Fairshare owes to Harry Van Sciver or his estate, including but not limited to salaries, dividends, distributions, loans, notes or consulting fees; and then**
>
> **3rd Pay any remaining balance of the Insurance Proceeds to Margaret Van Sciver, or to any nominee of Margaret Van Sciver (including but not limited to the estate of Harry Van Sciver), at the sole and complete discretion of Margaret Van Sciver.**

(Emphasis added) (Exhibit 2 at pg. 2).

41. Following Harry's death, Rogers, as the sole surviving Member of Fairshare, acknowledged both the existence of, and terms of distribution of the insurance proceeds as set forth in the duly executed Resolution, in written correspondence he sent to Margaret on January 30, 2024.  (Exhibit 3).

42. Despite Rogers' acknowledgement, he has refused to distribute any of the insurance proceeds in accordance with the terms of the Resolution.

43. Rogers has not distributed the insurance proceeds in any of the manners set forth in the Resolution.

44. Rogers has knowingly refused to make payments on an outstanding debt that Fairshare has to Whitebriar, which is acknowledged in the Resolution, and no payments from those insurance proceeds have been made to satisfy that debt.

45. Rogers has breached his duties and obligations, as set forth in the Resolution and as a result Third Party Plaintiffs have suffered damages.

## COUNT III
*Conversion*

46. Third Party Plaintiffs incorporate and repeat the allegations contained in paragraphs 1 through 45 of their Third Party Complaint as if fully set forth herein.

47. Rogers received the insurance proceeds from Transamerica on the death benefit claim submitted following Harry's death.

48. Rogers knowingly deposited and/or otherwise took control of the insurance proceeds without the knowledge and consent of Margaret and/or the Estate.

49. Rogers knowingly converted said insurance proceeds despite the express language of the Resolution, executed by Harry and Rogers on June 4, 2021, directly that said proceeds were to be used to: (i) pay all monies Fairshare owed to Whitebriar; (ii) pay to the Estate any monies Fairshare owed to Harry or his Estate; and (iii) pay any remaining balance of the insurance proceeds to Margaret. (Exhibit 2).

50. Third Party Plaintiffs have not received any of more than one-million dollars ($1,000,000.00) in insurance proceeds that Rogers obtained from Transamerica.

51. Third Party Plaintiffs have a legal right to these insurance proceeds pursuant to the Resolution dated June 4, 2021. (Exhibit 2).

52. Third Party Plaintiffs did not consent to Rogers obtaining, depositing, and controlling these insurance proceeds for his own use.

53. Third Party Plaintiffs have requested a distribution of said insurance proceeds from Rogers and he has refused to distribute said proceeds.

54. Third Party Plaintiffs have suffered damages as a result of Rogers' conduct.

## COUNT IV
### *Fraud*

55. Third Party Plaintiffs incorporate and repeat the allegations contained in paragraphs 1 through 54 of their Third Party Complaint as if fully set forth herein.

56. Pursuant to the Resolution, Fairshare paid life insurance premiums for a one-million-dollar ($1,000,000.00) death benefit policy taken out on behalf of Harry.

57. Rogers and Harry, as the two sole Members of Fairshare executed the Resolution expressly agreeing to the terms set forth therein, and said Resolution was witnessed by Maragaret and Julie A. Rogers.

58. Those terms included that following Harry's death and Fairshare's receipt of the insurance proceeds from Transamerica, Fairshare would, in the following order:

> **1st Pay all amount(s) that Fairshare owes at that time, if any, to Whitebriar Financial Corporation ("WFC"), including but not limited to loans, notes and consulting fees; and then**
>
> **2nd After deducting amounts (if any) owing to Fairshare at that time by Harry Van Sciver or his estate, Fairshare will then pay to the estate of Harry Van Sciver all amount(s) (if any) that Fairshare owes to Harry Van Sciver or his estate, including but not limited to salaries, dividends, distributions, loans, notes or consulting fees; and then**

9

**3rd Pay any remaining balance of the Insurance Proceeds to Margaret Van Sciver, or to any nominee of Margaret Van Sciver (including but not limited to the estate of Harry Van Sciver), at the sole and complete discretion of Margaret Van Sciver.**

(Emphasis added) (Exhibit 2 at pg. 2).

59. Rogers, as the sole surviving Member and a signatory to the Resolution, refuses to distribute the insurance proceeds to Third Party Plaintiffs in accordance with the terms of the Resolution.

60. Rogers, as a signatory to the Resolution, falsely represented that he would abide by the terms of the Resolution whose purpose was to satisfy Fairshare's outstanding debts and/or to distribute any surplus thereafter to Margaret and/or the Estate.

61. This false representation induced Harry to enter into the Resolution, which was intended to pay Fairshare's debts owed to Whitebriar and/or any other entity, and to benefit Margaret and/or his Estate.

62. As a result of Rogers' refusal to distribute the insurance proceeds per the terms of the Resolution, the Third Party Plaintiffs have been damaged.

## COUNT V
*Tortious Inference with Contractual Relations*

63. Third Party Plaintiffs incorporate and repeat the allegations contained in paragraphs 1 through 62 of their Third Party Complaint as if fully set forth herein.

64. On June 4, 2021, Harry and Rogers, the then two members of Fairshare, knowingly entered into and executed the Resolution attached to this Counterclaim as Exhibit 2.

65. Said Resolution remained in full force and effect at the time that Harry died on January 8, 2024.

66. Per the Resolution, the insurance proceeds received as a death benefit for Harry were to be used by Fairshare in the following manner:

**1st Pay all amount(s) that Fairshare owes at that time, if any, to Whitebriar Financial Corporation ("WFC"), including but not limited to loans, notes and consulting fees; and then**

**2nd After deducting amounts (if any) owing to Fairshare at that time by Harry Van Sciver or his estate, Fairshare will then pay to the estate of Harry Van Sciver all amount(s) (if any) that Fairshare owes to Harry Van Sciver or his estate, including but not limited to salaries, dividends, distributions, loans, notes or consulting fees; and then**

**3rd Pay any remaining balance of the Insurance Proceeds to Margaret Van Sciver, or to any nominee of Margaret Van Sciver (including but not limited to the estate of Harry Van Sciver), at the sole and complete discretion of Margaret Van Sciver.**

(Emphasis added) (Exhibit 2 at pg. 2).

67. Following Harry's death, Rogers, as the sole surviving member of Fairshare, acknowledged both the existence of, and terms of distribution set forth in the duly executed Resolution, in written correspondence he sent to Margaret on January 30, 2024.  (Exhibit 3).

68. Despite this acknowledgement, Rogers has refused to distribute any of the insurance proceeds in accordance with the terms of the Resolution and has intentionally interfered with distributions to Whitebriar, Margaret and/or the Estate.

69. Rogers has refused to distribute the insurance proceeds in any of the manners set forth in the Resolution.

70. Fairshare, through its sole surviving Member, Rogers, filed a civil action seeking a declaration that it has no obligation to turn over the insurance proceeds to either Margaret or the Estate.

71. Fairshare, through its sole surviving Member, Rogers, has asserted no legally cognizable privilege or other legal basis for refusing to abide by the terms of the Resolution.

72.     Third Party Plaintiffs have suffered damages as a result of Rogers' conduct.

## COUNT VI
### *Breach of Duty to Provide An Accounting*

73.     Third Party Plaintiffs incorporate and repeat the allegations contained in paragraphs 1 through 72 of their Third Party Complaint as if fully set forth herein.

74.     Upon Harry's passing, Margaret acquired his two-thirds majority economic rights and interests in Fairshare.

75.     As the majority member, Margaret is entitled to review the financial and accounting records, books, ledgers, debts and obligations, and any other records of Fairshare.

76.     Fairshare, by and through its sole surviving Member, Rogers, has denied Margaret any and all access to financial and accounting records, books, ledgers, debts and obligations, and any other records of Fairshare.

77.     Fairshare, by and through its sole surviving Member, Rogers, has refused to provide Margaret any information as to the location of the entirety of the insurance proceeds Fairshare received from Transamerica.

## COUNT VII
### *Breach of Fiduciary Duties*

78.     Third Party Plaintiffs incorporate and repeat the allegations contained in paragraphs 1 through 77 of their Third Party Complaint as if fully set forth herein.

79.     As the managing member of Fairshare, Rogers owed the other member, Harry, and his Estate, a fiduciary obligation of utmost trust, confidence, good faith and loyalty and the obligation not to divert or misappropriate funds and assets earmarked for Harry's surviving spouse, Margaret.

80. Rogers, as the sole surviving Member of Fairshare has a fiduciary duty which places the utmost trust, confidence, good faith and loyalty in him and that he would abide by the unambiguous terms of the Resolution and not divert or misappropriate the funds which were earmarked for Margaret.

81. Rogers, as the sole surviving Member of Fairshare, has an obligation under the Resolution to satisfy the debts and obligations of Fairshare to Whitebriar.

82. Rogers, as the sole surviving Member of Fairshare, has an obligation under the Resolution to distribute any surplus of the insurance proceeds to Margaret and/or the Estate.

83. Rogers, as the sole surviving Member of Fairshare, has taken control of the Transamerica insurance proceeds and has refused to distribute same in accordance with the Resolution.

84. As a result of Rogers' refusal to distribute the insurance proceeds in accordance with the Resolution, Fairshare's outstanding debt to Whitebriar continues to accrue additional interest and is in default.

85. Rogers' conduct is in breach of his fiduciary duties of utmost trust, confidence, good faith and loyalty as the sole surviving Member of Fairshare and is not in the best interest of the company.

WHEREFORE, Third Party Plaintiffs seek judgment against Rogers, as the sole surviving Member of Fairshare, and request that this Honorable Court award the following relief:

A. A declaration that pursuant to the duly executed Resolution, dated June 4, 2021, Rogers, as the sole surviving Member of Fairshare, must distribute the entirety of the life insurance proceeds it received from Transamerica to Margaret and/or the Estate forthwith.

B. Judgment against Rogers, as the sole surviving Member of Fairshare, that he knowingly breached the terms of the Resolution duly entered by Harry and Rogers on June 4, 2021, and order that Rogers distribute the insurance proceeds to

        Third Party Plaintiffs pursuant to the Resolution duly executed by the members of Fairshare on June 4, 2021.

C.     Judgment against Rogers, as the sole surviving Member of Fairshare, that he has converted the insurance proceeds in contravention of the terms of the Resolution, and without the consent of Third Party Plaintiffs who were to receive said proceeds in accordance with the June 4, 2021 Resolution.

D.     Judgment against Rogers, as the sole surviving Member of Fairshare, that he has committed fraud by agreeing to pay life insurance premiums under the Resolution, entered into by Harry and Rogers on June 4, 2021, that the members relied upon that representation, and Rogers has now refused to distribute the life insurance proceeds in the manner prescribed thereunder to the detriment of the Third Party Plaintiffs.

E.     Issuance of a preliminary and permanent injunction enjoining Rogers, as the sole surviving Member of Fairshare, from using, distributing, or otherwise further converting the insurance proceeds without appropriate approval by this Court.

F.     Order Rogers, as the sole surviving Member of Fairshare, to provide Margaret with an accounting of Fairshare's income, debts and any other financial obligations.

G.     Order Rogers, as the sole surviving Member of Fairshare, to pay the reasonable costs, attorney's fees and expenses that Margaret and the Estate incurred in the defense of this litigation, and any other relief deemed proper and just.

**Defendants/Counterclaim Plaintiffs/Third Party Plaintiffs hereby demand a trial by jury on all counts so triable.**

        Defendants/Counterclaim Plaintiffs/Third-Party Plaintiffs,
Margaret G. Van Sciver, in her capacity as Executrix of the Estate of Harry B. Van Sciver and Margaret G. Van Sciver, individually,
By their Attorneys,

*/s/ Matthew T. Oliverio*
*/s/ Gina Renzulli Lemay*
Matthew T. Oliverio, Esquire (#3372)
Gina Renzulli Lemay, Esquire (#7405)
OLIVERIO & MARCACCIO LLP
30 Romano Vineyard Way, Suite 109
North Kingstown, RI 02852
(401) 861-2900
(401) 861-2922 Fax
mto@om-rilaw.com
grl@om-rilaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing was filed electronically with the United States District Court for the District of Rhode Island on the 6th day of June 2024 and is available for viewing and downloading from the Electronic Case Filing system. A copy of the foregoing will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by mail to those indicated as nonregistered participants.

        */s/ Matthew T. Oliverio*