UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| FAIRSHARE SOLUTIONS, LLC, : | |
|     *Plaintiff/Counterclaim Defendants*, : | |
| : | |
| vs. : | C.A. No. 1:24-cv-00140-WES-PAS |
| : | |
| MARGARET G. VAN SCIVER, in her : | |
| capacity as EXECUTRIX OF THE : | |
| ESTATE OF HARRY B. VAN SCIVER and : | |
| MARGARET G. VAN SCIVER, individually, : | |
|     *Defendants/Counterclaim Plaintiffs/* : | |
|     *Third Party Plaintiffs*, : | |
| : | |
| vs. : | |
| : | |
| DENNIS F. ROGERS, in his capacity as a : | |
| Member of Fairshare Solutions, LLC, : | |
|     *Third Party Defendant.* : | |

## PLAINTIFF/COUNTERCLAIM DEFENDANT
## FAIRSHARE SOLUTIONS, LLC'S ANSWER TO COUNTERCLAIM

Now comes the Plaintiff/Counterclaim Defendant, Fairshare Solutions, LLC ("Fairshare") and responds to the Defendant/Counterclaim Plaintiffs' Counterclaim as follows:

### Parties and Venue

1. Fairshare is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Counterclaim and therefore leaves Counterclaim Plaintiffs to their proof thereof.

2. Fairshare admits that Harry B. Van Sciver's date of death was January 8, 2024, with respect to the remaining allegations, Fairshare is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Counterclaim and therefore leaves Counterclaim Plaintiffs to their proof thereof.

Page **1** of **13**

3. Fairshare admits that it is a Rhode Island limited liability company and does conduct business in the Commonwealth of Pennsylvania at the stated address but denies the remaining allegations as Rhode Island has been the principal place of business for over two (2) years.

4. Fairshare is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Counterclaim and therefore leaves Counterclaim Plaintiffs to their proof thereof.

5. Fairshare admits that Dennis F. Rogers ("Mr. Rogers") is the sole member of Fairshare but denies that he resides in Pennsylvania as Mr. Rogers is a Rhode Island resident.

6. Fairshare admits Mr. Rogers is the sole surviving voting member of Fairshare with a one-third ownership interest.

7. Admit.

8. Admit.

9. Admit.

## Facts

10. Admit.

11. Admit.

12. Admit.

13. The allegations contained in Paragraph 13 of Counterclaim Plaintiffs' Counterclaim refer to a document known as the Resolution. The Resolution speaks for itself and, therefore, no response is necessary. To the extent that a response is required, the Resolution provides in pertinent part: "Notwithstanding the foregoing, the parties acknowledge that Fairshare may increase in value and/or that *this Resolution may be modified or terminated in the future by a majority vote of the members*." (*emphasis added*) Fairshare acknowledges that these provisions are included within the Resolution; however, the Resolution was terminated on March 15, 2024, in accordance with its terms.

14. Admit.

15. Denied, the Resolution was terminated on March 15, 2024.

16. The allegations contained in Paragraph 16 of Counterclaim Plaintiffs' Counterclaim refer to a document known as the Resolution. The Resolution speaks for itself and, therefore, no response is necessary. To the extent that a response is required, the Resolution provides in pertinent part: "Notwithstanding the foregoing, the parties acknowledge that Fairshare may increase in value and/or that *this Resolution may be modified or terminated in the future by a majority vote of the members*." (*emphasis added*) Fairshare acknowledges that this provision was included within the Resolution; however, the Resolution was terminated on March 15, 2024, in accordance with its terms.

17. The allegations contained in Paragraph 17 of Counterclaim Plaintiffs' Counterclaim refers to a document. The document speaks for itself and therefore no answer is required. To the extent an answer is required, Fairshare admits that the quoted content is contained in the letter.

18. Fairshare admits Mr. Rogers is the sole surviving voting member of Fairshare but denies that he submitted the claim personally, Mr. Rogers submitted the claim on behalf Fairshare, the owner and sole beneficiary of Mr. Van Sciver's life insurance policy.

19. Paragraph 19 references a written correspondence and sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Counterclaim Defendant neither admits or denies the allegations set forth in Paragraph 19 of Counterclaim Plaintiffs' Counterclaim and leaves Counterclaim Plaintiffs to their burden of proof thereon.

20. Admit.

21. Denied. Fairshare took possession of the insurance proceeds as the beneficiary and policy owner and deposited those funds initially into the Fairshare operating account. Counterclaim

Plaintiffs have been informed by Fairshare's counsel as to where the insurance proceeds were being held.

22. Paragraph 22 sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Counterclaim Defendant denies the allegations set forth in Paragraph 22 of Counterclaim Plaintiffs' Counterclaim as the Resolution was terminated on March 15, 2024, in accordance with terms of the Resolution.

23. Paragraph 23 sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Counterclaim Defendant neither admits or denies the allegations set forth in Paragraph 23 of Counterclaim Plaintiffs' Counterclaim and leaves Counterclaim Plaintiffs to their burden of proof thereon.

24. Paragraph 24 sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Counterclaim Defendant denies the allegations set forth in Paragraph 24 of Counterclaim Plaintiffs' Counterclaim as the Resolution was terminated on March 15, 2024, in accordance with terms of the Resolution.

25. Paragraph 25 sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Counterclaim Defendant denies the allegations set forth in Paragraph 25 of Counterclaim Plaintiffs' Counterclaim as the Resolution was terminated on March 15, 2024, in accordance with terms of the Resolution.

26. Paragraph 26 sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Counterclaim Defendant neither admits or denies the allegations set forth in Paragraph 26 of Counterclaim Plaintiffs' Counterclaim and leaves Counterclaim Plaintiffs to their burden of proof thereon.

27. Paragraph 27 sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Counterclaim Defendant neither admits or denies the allegations set forth in Paragraph 27 of Counterclaim Plaintiffs' Counterclaim and leaves Counterclaim Plaintiffs to their burden of proof thereon.

28. Admit as the Resolution was terminated on March 15, 2024.

29. Denied. At no time has anyone requested an accounting prior to the filing of this Counterclaim.

## COUNT I

30. Counterclaim Defendant incorporates the answers contained in the preceding paragraphs of as if fully set forth herein.

31. Paragraph 31 sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Counterclaim Defendant neither admits or denies the allegations set forth in Paragraph 31 of Counterclaim Plaintiffs' Counterclaim and leaves Counterclaim Plaintiffs to their burden of proof thereon.

32. Paragraph 32 sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Counterclaim Defendant neither admits or denies the allegations set forth in Paragraph 32 of Counterclaim Plaintiffs' Counterclaim and leaves Counterclaim Plaintiffs to their burden of proof thereon.

33. Paragraph 33 sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Counterclaim Defendant neither admits or denies the allegations set forth in Paragraph 33 of Counterclaim Plaintiffs' Counterclaim and leaves Counterclaim Plaintiffs to their burden of proof thereon.

34. Denied. The Resolution was terminated on March 15, 2024. Fairshare is the rightful owner of the insurance policy and the sole beneficiary.

35. Denied. The Resolution was terminated on March 15, 2024. Fairshare is the rightful owner of the insurance policy and the sole beneficiary.

## COUNT II

36. Counterclaim Defendant incorporates the answers contained in the preceding paragraphs of as if fully set forth herein.

37. Admit.

38. Admit.

39. The allegations contained in Paragraph 39 of Counterclaim Plaintiffs' Counterclaim refer to a document known as the Resolution. The Resolution speaks for itself and, therefore, no response is necessary. To the extent that a response is required, the Resolution provides in pertinent part: "Notwithstanding the foregoing, the parties acknowledge that Fairshare may increase in value and/or that ***this Resolution may be modified or terminated in the future by a majority vote of the members.***" (***emphasis added***) Fairshare acknowledges that these provisions are included within the Resolution; however, the Resolution was terminated on March 15, 2024, in accordance with its terms.

40. Paragraph 40 sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Counterclaim Defendant neither admits or denies the allegations set forth in Paragraph 40 of Counterclaim Plaintiffs' Counterclaim and leaves Counterclaim Plaintiffs to their burden of proof thereon.

41. Paragraph 41 sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Counterclaim Defendant denies the allegations set forth in Paragraph 41 of Counterclaim Plaintiffs' Counterclaim as the Resolution was terminated on March 15, 2024, in accordance with its terms.

42. Admit.

43. Paragraph 43 sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Counterclaim Defendant neither admits or denies the allegations set forth in Paragraph 43 of Counterclaim Plaintiffs' Counterclaim and leaves Counterclaim Plaintiffs to their burden of proof thereon.

44. Paragraph 44 sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Counterclaim Defendant denies

the allegations set forth in Paragraph 44 of Counterclaim Plaintiffs' Counterclaim as the Resolution was terminated on March 15, 2024, in accordance with its terms.

COUNT III

45. Counterclaim Defendant incorporates the answers contained in the preceding paragraphs of as if fully set forth herein.

46. Admit.

47. Admit. Fairshare did not need to have Counterclaim Plaintiffs' consent.

48. Denied. Fairshare is the only owner and beneficiary of the life insurance proceeds. Counterclaim Plaintiffs only reliance is upon a Resolution that was terminated on March 15, 2024.

49. Admit.

50. Paragraph 50 sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Counterclaim Defendant denies the allegations set forth in Paragraph 50 of Counterclaim Plaintiffs' Counterclaim as the Resolution was terminated on March 15, 2024, in accordance with its terms.

51. Admit. Fairshare did not need to have Counterclaim Plaintiffs' consent.

52. Admit. The Resolution was terminated on March 15, 2024. Counterclaim Plaintiffs requested the entire life insurance proceeds be distributed to them. Fairshare, offered to distribute a substantial portion of the life insurance proceeds to the Counterclaim Plaintiffs an amount in excess of Counterclaim Plaintiffs economic interest of more than 2/3s. The offer went unanswered.

53. Paragraph 53 sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Counterclaim Defendant neither admits or denies the allegations set forth in Paragraph 53 of Counterclaim Plaintiffs' Counterclaim and leaves Counterclaim Plaintiffs to their burden of proof thereon.

## COUNT IV

54. Counterclaim Defendant incorporates the answers contained in the preceding paragraphs of as if fully set forth herein.

55. Admit.

56. Admit.

57. The allegations contained in Paragraph 57 of Counterclaim Plaintiffs' Counterclaim refer to a document known as the Resolution. The Resolution speaks for itself and, therefore, no response is necessary. To the extent that a response is required, the Resolution provides in pertinent part: "Notwithstanding the foregoing, the parties acknowledge that Fairshare may increase in value and/or that *this Resolution may be modified or terminated in the future by a majority vote of the members*." (*emphasis added*) Fairshare acknowledges that these provisions are included within the Resolution; however, the Resolution was terminated on March 15, 2024, in accordance with its terms.

58. Admit. The Resolution was terminated on March 15, 2024. Counterclaim Plaintiffs requested the entire life insurance proceeds be distributed to them. Fairshare, in an attempt to resolve this matter offered and amount in excess of Counterclaim Plaintiffs economic interest of more than 2/3s. The offer went unanswered.

59. Denied.

60. Denied. Mr. Van Sciver drafted the Resolution and Mr. Van Sciver included the provision in the Resolution that provided in pertinent part: "Notwithstanding the foregoing, **the parties acknowledge that Fairshare may increase in value and/or that this Resolution may be modified or terminated in the future by a majority vote of the members.**" The Resolution was terminated pursuant to the terms therein.

61. Denied. Fairshare had no obligation to distribute any of the insurance proceeds based on the Resolution as the Resolution was terminated on March 15, 2024.

## COUNT V

62. Counterclaim Defendant incorporates the answers contained in the preceding paragraphs of as if fully set forth herein.

63. Admit.

64. Admit.

65. The allegations contained in Paragraph 65 of Counterclaim Plaintiffs' Counterclaim refer to a document known as the Resolution. The Resolution speaks for itself and, therefore, no response is necessary. To the extent that a response is required, the Resolution provides in pertinent part: "Notwithstanding the foregoing, the parties acknowledge that Fairshare may increase in value and/or that *this Resolution may be modified or terminated in the future by a majority vote of the members*." (*emphasis added*) Fairshare acknowledges that these provisions are included within the Resolution; however, the Resolution was terminated on March 15, 2024, in accordance with its terms.

66. Paragraph 66 sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Counterclaim Defendant neither admits or denies the allegations set forth in Paragraph 66 of Counterclaim Plaintiffs' Counterclaim and leaves Counterclaim Plaintiffs to their burden of proof thereon.

67. Paragraph 67 sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Counterclaim Defendant denies the allegations set forth in Paragraph 67 of Counterclaim Plaintiffs' Counterclaim as the Resolution was terminated on March 15, 2024, in accordance with its terms.

68. Admit. The Resolution was terminated on March 15, 2024. Counterclaim Plaintiffs requested the entire life insurance proceeds be distributed to them. Fairshare, offered to distribute a substantial portion of the life insurance proceeds to the Counterclaim Plaintiffs an amount in

excess of Counterclaim Plaintiffs economic interest of more than 2/3s. The offer went unanswered.

69. Admit, Fairshare has no obligation to turn over the life insurance proceeds under the Resolution.

70. Denied. The terms of the Resolution provide the legal foundation, the Resolution provides in pertinent part "Notwithstanding the foregoing, **the parties acknowledge that Fairshare may increase in value and/or that this Resolution may be modified or terminated in the future by a majority vote of the members.**" The Resolution was terminated on March 15, 2024. Counterclaim Plaintiffs have provided any evidence of a legitimate claim to Mr. Van Sciver's economic interest in Fairshare. Moreover, distributing the life insurance proceeds to such an individual or estate, which may not possess any right to Mr. Van Sciver's assets, would be inappropriate.

71. Denied. Fairshare had no obligation to distribute any of the insurance proceeds based on the Resolution as the Resolution was terminated on March 15, 2024.

## COUNT VI

72. Counterclaim Defendant incorporates the answers contained in the preceding paragraphs of as if fully set forth herein.

73. Paragraph 73 sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Counterclaim Defendant neither admits or denies the allegations set forth in Paragraph 73 of Counterclaim Plaintiffs' Counterclaim and leaves Counterclaim Plaintiffs to their burden of proof thereon.

74. Admit.

75. Denied. No such request was ever made prior to filing the Counterclaim.

76. Denied.

**WHEREFORE**, Counterclaim Defendant requests an Order of this Court denying and dismissing all claims and prayers for relief contained in Counterclaim Plaintiffs' Counterclaim and requests a Judgment in its favor along with costs, reasonable attorneys' fees and expenses and other such relief as this Court may deem proper.

### First Affirmative Defense

As a First Affirmative Defense, Counterclaim-Defendant pleads that Counterclaim Plaintiffs' have failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

As a Second Affirmative Defense, Counterclaim-Defendant pleads that Counterclaim Plaintiffs' have suffered no damage as a proximate cause of any action or failure to act by Counterclaim-Defendant.

### Third Affirmative Defense

As a Third Affirmative Defense, Counterclaim-Defendant pleads that Counterclaim Plaintiffs' have brought this Counterclaim relying solely upon the language contained in a Resolution that only works to the benefit of the Counterclaim Plaintiffs without recognizing the fact that the Resolution was terminated pursuant to the terms of the Resolution on March 15, 2024.

### Fourth Affirmative Defense

As a Fourth Affirmative Defense, Counterclaim Defendant pleads failure to prove causation between the alleged actions of Counterclaim Defendant and the damages alleged in Counterclaim Plaintiff's Complaint.

### Fifth Affirmative Defense

As a Fifth Affirmative Defense, Counterclaim Defendant pleads that Counterclaim Plaintiffs claims are barred for their failure to mitigate their damages.

### Sixth Affirmative Defense

As a Sixth Affirmative Defense, Counterclaim Defendant pleads that Counterclaim Plaintiffs have no standing to bring the Counterclaim against Counterclaim Defendant.

### Seventh Affirmative Defense

As a Seventh Affirmative Defense, Counterclaim Defendant pleads that Counterclaim Plaintiffs' Counterclaim should be dismissed because Counterclaim Defendant did not breach any duty legally owed to Counterclaim Plaintiffs.

### Eighth Affirmative Defense

As an Eighth Affirmative Defense, Counterclaim Defendant pleads that Counterclaim Plaintiffs' Counterclaim claims are barred in whole or in part by the equitable doctrines of waiver and estoppel.

Counterclaim-Defendant reserves the right to assert such further and additional affirmative defenses not specifically asserted herein.

Plaintiff/Counterclaim Defendant
Fairshare Solutions, LLC

By its attorneys,

/s/ Andrew R. Bilodeau

BILODEAU CAPALBO, LLC
Andrew R. Bilodeau, Esq. (#7174)
Ryanna T. Capalbo, Esq. (#8314)
Bilodeau Capalbo, LLC
1350 Division Rd., Suite 102
West Warwick, RI 02893
Telephone: 401-300-4055
Fax: 401-633-7511
abilodeau@bilodeaucapalbo.com
rcapalbo@bilodeaucapalbo.com
Dated: June 25, 2024

## **DEMAND FOR JURY TRIAL**

Counterclaim Defendant demands a trial by jury of all issues so triable.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 25, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Matthew T. Oliverio
mto@om-rilaw.com

Gina Renzulli Lemay
grl@om-rilaw.com

                                           */s/ Andrew R. Bilodeau*