UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| FAIRSHARE SOLUTIONS, LLC, : | |
|    *Plaintiff/Counterclaim Defendants*, : | |
| : | |
| vs. : | C.A. No. 1:24-cv-00140-WES-PAS |
| : | |
| MARGARET G. VAN SCIVER, in her : | |
| capacity as EXECUTRIX OF THE : | |
| ESTATE OF HARRY B. VAN SCIVER and : | |
| MARGARET G. VAN SCIVER, individually, : | |
|    *Defendants/Counterclaim Plaintiffs/* : | |
|    *Third Party Plaintiffs*, : | |
| : | |
| vs. : | |
| : | |
| DENNIS F. ROGERS, in his capacity as a : | |
| Member of Fairshare Solutions, LLC, : | |
|    *Third Party Defendant*. : | |

### THIRD PARTY DEFENDANT DENNIS F. ROGERS' ANSWER TO THIRD-PARTY COMPLAINT

Now comes the Third-Party Defendant, Dennis F. Rogers ("Mr. Rogers") and responds to the Third-Party Complaint brought by Third-Party Plaintiffs, Margaret G. Van Sciver, in her capacity as Executrix of the Estate of Harry B. Van Sciver, and Margaret G. Van Sciver, individually (collectively the "Third-Party Plaintiffs") as follows:

### Parties and Venue

1. Mr. Rogers is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Third-Party Complaint and therefore leaves Third-Party Complaint Plaintiffs to their proof thereof.

2. Paragraph 2 of the Third-Party Complaint sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Third-Party Defendant is without sufficient information to admit or deny the allegations set forth in

    Paragraph 2 of the Third-Party Complaint and leaves Third-Party Plaintiffs to their burden of proof.

3. Mr. Rogers admits that Fairshare Solutions, LLC ("Fairshare") is a Rhode Island limited liability company and does conduct business in the Commonwealth of Pennsylvania at the stated address but denies the remaining allegations as Rhode Island has been the principal place of business for over two (2) years.

4. Mr. Rogers is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Third-Party Complaint and therefore leaves Third-Party Plaintiffs to their proof thereof.

5. Mr. Rogers admits that he is the sole member of Fairshare but denies that he resides in Pennsylvania as he is a Rhode Island resident.

6. Mr. Rogers admits Mr. Rogers is the sole surviving voting member of Mr. Rogers with a one-third ownership interest.

7. Admit.

8. Paragraph 8 of the Third-Party Complaint sets forth legal conclusions to which no responsive pleading is necessary or required; Exhibit 1 at ¶ 27 does not make any reference to Margaret acquiring Harry's economic interest in Fairshare. To the extent that a response is required, Third-Party Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 8 of the Third-Party Complaint and leaves Third-Party Plaintiffs to their burden of proof.

9. Admit.

10. Admit.

Facts

11. The allegations contained in Paragraph 11 of the Third-Party Complaint refers to a document known as the Resolution. The Resolution speaks for itself and, therefore, no response is

required. To the extent that a response is required, Mr. Rogers admits he executed the Resolution.

12. The allegations contained in Paragraph 12 of the Third-Party Complaint refers to a document known as the Resolution. The Resolution speaks for itself and, therefore, no response is required. To the extent that a response is required, Mr. Rogers admits the allegations contained in Paragraph 12.

13. The allegations contained in Paragraph 13 of Third-Party Complaint refers to a document known as the Resolution. The Resolution speaks for itself and, therefore, no response is required. To the extent that a response is required, Mr. Rogers admits the allegations contained in Paragraph 13.

14. The allegations contained in Paragraph 14 of the Third-Party Complaint refers to a document known as the Resolution. The Resolution speaks for itself and, therefore, no response is necessary. To the extent that a response is required, the Resolution provides in pertinent part: "Notwithstanding the foregoing, the parties acknowledge that Fairshare may increase in value and/or that *this Resolution may be modified or terminated in the future by a majority vote of the members*." (*emphasis added*). Mr. Rogers acknowledges that provisions contained in Paragraph 14 of the Third-Party Complaint are included within the Resolution; however, the Resolution was terminated on March 15, 2024, in accordance with its terms.

15. Paragraph 15 of the Third-Party Complaint sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Third-Party Defendant neither admits or denies the allegations set forth in Paragraph 15 of the Third-Party Complaint and leaves Third-Party Plaintiffs to their burden of proof.

16. Denied, the Resolution was terminated on March 15, 2024.

17. The allegations contained in Paragraph 17 of the Third-Party Complaint refers to a document known as the Resolution. The Resolution speaks for itself and, therefore, no response is

necessary. To the extent that a response is required, the Resolution provides in pertinent part: "Notwithstanding the foregoing, the parties acknowledge that Fairshare may increase in value and/or that *this Resolution may be modified or terminated in the future by a majority vote of the members*." (*emphasis added*). Mr. Rogers acknowledges that provisions contained in Paragraph 17 of the Third-Party Complaint are included within the Resolution; however, the Resolution was terminated on March 15, 2024, in accordance with its terms.

18. The allegations contained in Paragraph 18 of the Third-Party Complaint refers to a document known as the Rogers Letter of January 30, 2024. The Rogers Letter of January 30, 2024 speaks for itself and, therefore, no response is necessary. Mr. Rogers admits the Rogers Letter of January 30, 2024, was transmitted by him on behalf of Fairshare.

19. Mr. Rogers admits that he submitted a claim on behalf of Fairshare, the owner and beneficiary of the life insurance proceeds.

20. The allegations contained in Paragraph 20 of the Third-Party Complaint refers to a document known as the Thomas A. Rockwell, Esq. letter dated March 8, 2024. The Thomas A. Rockwell, Esq. letter dated March 8, 2024 speaks for itself and, therefore, no response is necessary.

21. Denied, the life insurance proceeds check was payable only to the beneficiary and owner Fairshare and only Fairshare received the life insurance proceeds.

22. Denied. Fairshare took possession of the insurance proceeds as the beneficiary and policy owner and deposited those funds initially into the Fairshare operating account. Third-Party Plaintiffs have been informed by Fairshare's counsel as to where the insurance proceeds are being held.

23. Paragraph 23 of the Third-Party Complaint sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Third-Party Defendant denies the allegations set forth in Paragraph 23 of Third-

Party Complaint as the Resolution was terminated on March 15, 2024, in accordance with terms of the Resolution.

24. Paragraph 24 of the Third-Party Complaint sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Third-Party Defendant neither admits or denies the allegations set forth in Paragraph 24 of the Third-Party Complaint and leaves Third-Party Plaintiffs to their burden of proof thereon.

25. Paragraph 25 of the Third-Party Complaint sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Third-Party Defendant denies the allegations set forth in Paragraph 25 of the Third-Party Complaint as the Resolution was terminated on March 15, 2024, in accordance with terms of the Resolution.

26. Paragraph 26 of the Third-Party Complaint sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Third-Party Defendant denies the allegations set forth in Paragraph 26 of the Third-Party Complaint as the Resolution was terminated on March 15, 2024, in accordance with terms of the Resolution.

27. Paragraph 27 of the Third-Party Complaint sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Third-Party Defendant neither admits or denies the allegations set forth in Paragraph 27 of the Third-Party Complaint and leaves Third-Party Plaintiffs to their burden of proof thereon.

28. Paragraph 28 of the Third-Party Complaint sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Third-Party Defendant neither admits or denies the allegations set forth in

    Paragraph 28 of the Third-Party Complaint and leaves Third-Party Complaint Plaintiffs to their burden of proof thereon.

29. Admit as the Resolution was terminated on March 15, 2024.

30. Denied. At no time has anyone requested an accounting prior to the filing of this Third-Party Complaint.

## COUNT I

31. Third-Party Defendant incorporates the answers contained in the preceding paragraphs of as if fully set forth herein.

32. Paragraph 32 of the Third-Party Complaint sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Third-Party Defendant neither admits or denies the allegations set forth in Paragraph 32 of the Third-Party Complaint and leaves Third-Party Plaintiffs to their burden of proof thereon.

33. Paragraph 33 of the Third-Party Complaint sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Third-Party Defendant neither admits or denies the allegations set forth in Paragraph 33 of the Third-Party Complaint and leaves Third-Party Plaintiffs to their burden of proof thereon.

34. Paragraph 34 of the Third-Party Complaint sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Third-Party Defendant neither admits or denies the allegations set forth in Paragraph 34 of the Third-Party Complaint and leaves Third-Party Plaintiffs to their burden of proof thereon.

35. Admit, however, the Resolution was terminated on March 15, 2024. Mr. Rogers has never personally been in possession of the life insurance proceeds. Fairshare, the rightful owner of the insurance policy and the sole beneficiary retained the life insurance proceeds.

36. Denied. The Resolution was terminated on March 15, 2024. Fairshare is the rightful owner of the insurance policy and the sole beneficiary.

## COUNT II

37. Third-Party Defendant incorporates the answers contained in the preceding paragraphs of as if fully set forth herein.

38. The allegations contained in Paragraph 38 of the Third-Party Complaint refers to a document known as the Resolution. The Resolution speaks for itself and, therefore, no response is required. To the extent that a response is required, Mr. Rogers admits he executed the Resolution.

39. Paragraph 39 of the Third-Party Complaint sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Third-Party Defendant neither admits or denies the allegations set forth in Paragraph 39 of the Third-Party Complaint and leaves Third-Party Plaintiffs to their burden of proof.

40. The allegations contained in Paragraph 40 of the Third-Party Complaint refers to a document known as the Resolution. The Resolution speaks for itself and, therefore, no response is necessary. To the extent that a response is required, the Resolution provides in pertinent part: "Notwithstanding the foregoing, the parties acknowledge that Fairshare may increase in value and/or that *this Resolution may be modified or terminated in the future by a majority vote of the members*." (*emphasis added*). Mr. Rogers acknowledges that provisions contained in Paragraph 40 of the Third-Party Complaint are included within the Resolution; however, the Resolution was terminated on March 15, 2024, in accordance with its terms.

41. Paragraph 41 of the Third-Party Complaint sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Third-Party Defendant neither admits or denies the allegations set forth in Paragraph 41 of the Third-Party Complaint and leaves Third-Party Plaintiffs to their burden of proof.

42. Paragraph 42 of the Third-Party Complaint sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Third-Party Defendant neither admits or denies the allegations set forth in Paragraph 42 of the Third-Party Complaint and leaves Third-Party Plaintiffs to their burden of proof.

43. Paragraph 43 of the Third-Party Complaint sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Third-Party Defendant denies the allegations set forth in Paragraph 43 of the Third-Party Complaint as the Resolution was terminated on March 15, 2024, in accordance with terms of the Resolution.

44. Paragraph 44 of the Third-Party Complaint sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Third-Party Defendant denies the allegations set forth in Paragraph 44 of the Third-Party Complaint as the Resolution was terminated on March 15, 2024, in accordance with terms of the Resolution. Furthermore, Whitebriar is not a party to this action.

45. Paragraph 45 of the Third-Party Complaint sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Third-Party Defendant denies the allegations set forth in Paragraph 45 of the Third-Party Complaint as the Resolution was terminated on March 15, 2024, in accordance with terms of the Resolution.

## COUNT III

46. Third-Party Defendant incorporates the answers contained in the preceding paragraphs of as if fully set forth herein.

47. Denied, the life insurance proceeds check was payable only to the beneficiary and owner Fairshare and only Fairshare received the life insurance proceeds.

48. Denied. Fairshare took possession of the insurance proceeds as the beneficiary and policy owner and deposited those funds initially into the Fairshare operating account. Third-Party Plaintiffs have been informed by Fairshare's counsel as to where the insurance proceeds are being held.

49. Paragraph 49 of the Third-Party Complaint sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Third-Party Defendant denies the allegations set forth in Paragraph 49 of the Third-Party Complaint as the Resolution was terminated on March 15, 2024, in accordance with terms of the Resolution.

50. Admit.

51. Paragraph 51 of the Third-Party Complaint sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Third-Party Defendant denies the allegations set forth in Paragraph 51 of the Third-Party Complaint as the Resolution was terminated on March 15, 2024, in accordance with terms of the Resolution.

52. Paragraph 52 of the Third-Party Complaint sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Third-Party Defendant denies the allegations set forth in Paragraph 52 of the Third-Party Complaint as Mr. Rogers did not obtain, deposit or control the insurance proceeds for his own use.

53. Admit. The Resolution was terminated on March 15, 2024. Third-Party Complaint Plaintiffs requested the entire life insurance proceeds be distributed to them. Fairshare, offered to distribute a substantial portion of the life insurance proceeds to the Third-Party Plaintiffs an amount in excess of Third-Party Plaintiffs economic interest of more than 2/3s. The offer went unanswered.

54. Paragraph 54 of the Third-Party Complaint sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Third-Party Defendant denies the allegations set forth in Paragraph 54 of the Third-Party Complaint as the Resolution was terminated on March 15, 2024, in accordance with terms of the Resolution.

## COUNT IV

55. Third-Party Defendant incorporates the answers contained in the preceding paragraphs of as if fully set forth herein.

56. Admit.

57. The allegations contained in Paragraph 38 of the Third-Party Complaint refers to a document known as the Resolution. The Resolution speaks for itself and, therefore, no response is required. To the extent that a response is required, Mr. Rogers admits he executed the Resolution.

58. The allegations contained in Paragraph 58 of the Third-Party Complaint refers to a document known as the Resolution. The Resolution speaks for itself and, therefore, no response is necessary. To the extent that a response is required, the Resolution provides in pertinent part: "Notwithstanding the foregoing, the parties acknowledge that Fairshare may increase in value and/or that ***this Resolution may be modified or terminated in the future by a majority vote of the members.***" (*emphasis added*). Mr. Rogers acknowledges that provisions contained in Paragraph 58 of the Third-Party Complaint are included within the Resolution; however, the Resolution was terminated on March 15, 2024, in accordance with its terms.

59. Paragraph 59 of the Third-Party Complaint sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Third-Party Defendant denies the allegations set forth in Paragraph 59 of the Third-Party Complaint as the Resolution was terminated on March 15, 2024, in accordance with terms of the Resolution.

60. Denied, there was never any false representation. The Resolution as prepared by Harry Van Sciver contained the following provisions "Notwithstanding the foregoing, the parties acknowledge that Fairshare may increase in value and/or that ***this Resolution may be modified or terminated in the future by a majority vote of the members.***" (*emphasis added*). Mr. Rogers exercised the right to terminate the Resolution on March 15, 2024.

61. Paragraph 61 of the Third-Party Complaint sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Third-Party Defendant denies the allegations set forth in Paragraph 61 of the Third-Party Complaint.

62. Denied. Mr. Rogers had no obligation to distribute any of the insurance proceeds based on the Resolution as the Resolution was terminated on March 15, 2024.

## COUNT V

63. Third-Party Defendant incorporates the answers contained in the preceding paragraphs of as if fully set forth herein.

64. The allegations contained in Paragraph 38 of the Third-Party Complaint refers to a document known as the Resolution. The Resolution speaks for itself and, therefore, no response is required. To the extent that a response is required, Mr. Rogers admits he executed the Resolution.

65. Paragraph 65 of the Third-Party Complaint sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is

required, Third-Party Defendant neither admits or denies the allegations set forth in Paragraph 65 of the Third-Party Complaint and leaves Third-Party Plaintiffs to their burden of proof.

66. The allegations contained in Paragraph 58 of the Third-Party Complaint refers to a document known as the Resolution. The Resolution speaks for itself and, therefore, no response is necessary. To the extent that a response is required, the Resolution provides in pertinent part: "Notwithstanding the foregoing, the parties acknowledge that Fairshare may increase in value and/or that *this Resolution may be modified or terminated in the future by a majority vote of the members*." (*emphasis added*). Mr. Rogers acknowledges that provisions contained in Paragraph 66 of the Third-Party Complaint are included within the Resolution; however, the Resolution was terminated on March 15, 2024, in accordance with its terms.

67. Paragraph 67 of the Third-Party Complaint sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Third-Party Defendant neither admits or denies the allegations set forth in Paragraph 67 of the Third-Party Complaint and leaves Third-Party Plaintiffs to their burden of proof.

68. Paragraph 68 of the Third-Party Complaint sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Third-Party Defendant denies the allegations set forth in Paragraph 68 of the Third-Party Complaint as the Resolution was terminated on March 15, 2024, in accordance with terms of the Resolution. Furthermore, Whitebriar is not a party to this action.

69. Admit. The Resolution was terminated on March 15, 2024. Third-Party Plaintiffs requested the entire life insurance proceeds be distributed to them. Fairshare, offered to distribute a substantial portion of the life insurance proceeds to the Third-Party Plaintiffs an amount in excess of Third-Party Complaint Plaintiffs economic interest of more than 2/3s. The offer went unanswered.

70. Admit, Fairshare has no obligation to turn over the life insurance proceeds under the Resolution as the Resolution was terminated on March 15, 2024, in accordance with terms of the Resolution.

71. Denied. The terms of the Resolution provide the legal foundation, the Resolution provides in pertinent part "Notwithstanding the foregoing, **the parties acknowledge that Fairshare may increase in value and/or that this Resolution may be modified or terminated in the future by a majority vote of the members.**" The Resolution was terminated on March 15, 2024. Third-Party Plaintiffs have provided any evidence of a legitimate claim to Mr. Van Sciver's economic interest in Fairshare. Moreover, distributing the life insurance proceeds to such an individual or estate, which may not possess any right to Mr. Van Sciver's assets, would be inappropriate.

72. Denied. Fairshare had no obligation to distribute any of the insurance proceeds based on the Resolution as the Resolution was terminated on March 15, 2024.

## COUNT VI

73. Third-Party Defendant incorporates the answers contained in the preceding paragraphs of as if fully set forth herein.

74. Paragraph 74 of the Third-Party Complaint sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Third-Party Defendant neither admits or denies the allegations set forth in Paragraph 74 of the Third-Party Complaint and leaves Third-Party Plaintiffs to their burden of proof.

75. Admit.

76. Denied. No such request was ever made prior to filing the Third-Party Complaint.

77. Denied.

## COUNT VII

78. Third-Party Defendant incorporates the answers contained in the preceding paragraphs of as if fully set forth herein.

79. Paragraph 79 of the Third-Party Complaint sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Third-Party Defendant neither admits or denies the allegations set forth in Paragraph 79 of the Third-Party Complaint and leaves Third-Party Plaintiffs to their burden of proof.

80. Paragraph 80 of the Third-Party Complaint sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Third-Party Defendant denies the allegations set forth in Paragraph 80 of the Third-Party Complaint as the Resolution was terminated on March 15, 2024, and any obligation under the Resolution would have been an obligation of Fairshare, not Mr. Rogers.

81. Paragraph 81 of the Third-Party Complaint sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Third-Party Defendant denies the allegations set forth in Paragraph 81 of the Third-Party Complaint as the Resolution was terminated on March 15, 2024, and any obligation under the Resolution would have been an obligation of Fairshare, not Mr. Rogers.

82. Paragraph 82 of the Third-Party Complaint sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Third-Party Defendant denies the allegations set forth in Paragraph 82 of the Third-Party Complaint as the Resolution was terminated on March 15, 2024, and any obligation under the Resolution would have been an obligation of Fairshare, not Mr. Rogers.

83. Denied. Fairshare took possession of the insurance proceeds as the beneficiary and policy owner and deposited those funds initially into the Fairshare operating account. Furthermore, the Resolution was terminated on March 15, 2024, and any obligation under the Resolution would have been an obligation of Fairshare, not Mr. Rogers.

84. Paragraph 84 of the Third-Party Complaint sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Third-Party Defendant denies the allegations set forth in Paragraph 84 of the Third-Party Complaint as the Resolution was terminated on March 15, 2024, and any obligation under the Resolution would have been an obligation of Fairshare, not Mr. Rogers.

85. Paragraph 85 of the Third-Party Complaint sets forth legal conclusions to which no responsive pleading is necessary or required; however, to the extent that a response is required, Third-Party Defendant denies the allegations set forth in Paragraph 85 of the Third-Party Complaint as the Resolution was terminated on March 15, 2024, and any obligation under the Resolution would have been an obligation of Fairshare, not Mr. Rogers.

**WHEREFORE**, Third-Party Defendant requests an Order of this Court denying and dismissing all claims and prayers for relief contained in Third-Party Complaint and requests a Judgment in his favor along with costs, reasonable attorneys' fees and expenses and other such relief as this Court may deem proper.

### First Affirmative Defense

As a First Affirmative Defense, Third-Party Defendant pleads that the Third-Party Plaintiffs' have failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

As a Second Affirmative Defense, Third-Party Defendant pleads that Third-Party Plaintiffs' have suffered no damage as a proximate cause of any action or failure to act by the Third-Party Defendant.

### Third Affirmative Defense

As a Third Affirmative Defense, Third-Party Defendant pleads that Third-Party Plaintiffs' have brought this Third-Party Complaint relying solely upon the language contained

in a Resolution that only works to the benefit of the Third-Party Plaintiffs without recognizing the fact that the Resolution was terminated pursuant to the terms of the Resolution on March 15, 2024.

### Fourth Affirmative Defense

As a Fourth Affirmative Defense, Third-Party Defendant pleads failure to prove causation between the alleged actions of Third-Party Defendant and the damages alleged in Third-Party Complaint.

### Fifth Affirmative Defense

As a Fifth Affirmative Defense, Third-Party Defendant pleads that the Third-Party Plaintiffs' claims are barred for their failure to mitigate their damages.

### Sixth Affirmative Defense

As a Sixth Affirmative Defense, Third-Party Defendant pleads that Third-Party Plaintiffs have no standing to bring the Third-Party Complaint against the Third-Party Defendant.

### Seventh Affirmative Defense

As a Seventh Affirmative Defense, Third-Party Defendant pleads that Third-Party Plaintiffs' Third-Party Complaint should be dismissed because Third-Party Defendant did not breach any duty legally owed to Third-Party Plaintiffs.

### Eighth Affirmative Defense

As an Eighth Affirmative Defense, Third-Party Defendant pleads that Third-Party Plaintiffs' claims are barred in whole or in part by the equitable doctrines of waiver and estoppel.

Third-Party Complaint-Defendant reserves the right to assert such further and additional affirmative defenses not specifically asserted herein.

>Third-Party Defendant
>Dennis F. Rogers
>
>By his attorneys,
>
>/s/ Andrew R. Bilodeau
>
>BILODEAU CAPALBO, LLC
>Andrew R. Bilodeau, Esq. (#7174)
>Ryanna T. Capalbo, Esq. (#8314)
>Bilodeau Capalbo, LLC
>1350 Division Rd., Suite 102
>West Warwick, RI 02893
>Telephone: 401-300-4055
>Fax: 401-633-7511
>abilodeau@bilodeaucapalbo.com
>rcapalbo@bilodeaucapalbo.com
>Dated: June 28, 2024

## DEMAND FOR JURY TRIAL

Third-Party Defendant demands a trial by jury of all issues so triable.

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Matthew T. Oliverio
mto@om-rilaw.com

Gina Renzulli Lemay
grl@om-rilaw.com

>/s/ Andrew R. Bilodeau