UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| FAIRSHARE SOLUTIONS, LLC, : | |
|    *Plaintiff/Counterclaim Defendants*, : | |
| : | |
| Vs. : | |
| : | C.A. No. 1:24-cv-00140-WES-PAS |
| MARGARET G. VAN SCIVER, in her : | |
| capacity as EXECUTRIX OF THE : | |
| ESTATE OF HARRY B. VAN SCIVER and : | |
| MARGARET G. VAN SCIVER, individually, : | |
|    *Defendants/Counterclaim Plaintiffs/* ; | |
|    *Third Party Plaintiffs*, : | |
| : | |
| Vs. : | |
| : | |
| DENNIS F. ROGERS, in his capacity as a : | |
| Member of Fairshare Solutions, LLC, : | |
|    *Third Party Defendant*. : | |

## DEFENDANTS/COUNTERCLAIM PLAINTIFFS/THIRD PARTY PLAINTIFFS' RULE 16 STATEMENT

Pursuant to Local Rule Cv 16(b) and the Court's June 26, 2024 Notice of Rule 16(b) Scheduling Conference (ECF No. 20), Margaret G. Van Sciver, in her capacity as Executrix of the Estate of Harry B. Van Sciver and Margaret G. Van Sciver, individually (hereinafter "Margaret"), by her undersigned counsel, submits the following statement concerning the counterclaims and third-party claims she has asserted in this matter.

I.    **STATEMENT OF FACTS**

Margaret is the widow of her late husband, Harry B. Van Sciver ("Harry"), who passed on January 8, 2024. Margaret serves as the sole Executrix of Harry's Estate. During Harry's lifetime, he was the majority member of Fairshare Solutions, LLC ("Fairshare") with a two-thirds interest in the company. Dennis F. Rogers ("Dennis") was a one-third minority member and is the sole surviving member. Fairshare is a Rhode Island limited liability company with a

principal place of business in East Stroudsburg, Pennsylvania. On April 29, 2020, Harry and Dennis executed the Fairshare Operating Agreement. Shortly thereafter, on June 4, 2021, Harry and Dennis executed a Resolution Regarding Life Insurance and Use of Life Proceeds. The Resolution remained in effect at Harry's death, and just weeks after Harry's passing, on January 30, 2024, Dennis acknowledged the Resolution in written correspondence he sent to Margaret. The Resolution provided for the purchase of key-man insurance policies on both Harry and Dennis' lives, with Fairshare as the owner of the policy and paying the premiums. Harry's policy was through Transamerica Life Insurance and had a one-million-dollar ($1,000,000) death benefit. The intent of the Resolution was clearly expressed therein and provided that following Harry's death and Fairshare's receipt of the death benefit proceeds, Fairshare will, in the following order:

> **1st Pay all amount(s) that Fairshare owes at that time, if any, to Whitebriar Financial Corporation ("WFC"), including but not limited to loans, notes and consulting fees; and then**
>
> **2nd After deducting amounts (if any) owing to Fairshare at that time by Harry Van Sciver or his estate, Fairshare will then pay to the estate of Harry Van Sciver all amount(s) (if any) that Fairshare owes to Harry Van Sciver or his estate, including but not limited to salaries, dividends, distributions, loans, notes or consulting fees; and then**
>
> **3rd Pay any remaining balance of the Insurance Proceeds to Margaret Van Sciver, or to any nominee of Margaret Van Sciver (including but not limited to the estate of Harry Van Sciver), at the sole and complete discretion of Margaret Van Sciver.**

Pursuant to ¶ 27 of the Operating Agreement, Assignment of Interest, following Harry's death and the appointment of Margaret as the personal representative of Harry's estate, Margaret acquired Harry's two-third's majority economic rights and interest in Fairshare. Admittedly, she did not acquire voting rights. Despite this fact, since Harry's death, Dennis, as the sole surviving voting member, has refused to provide Margaret with access to any accountings, financial

2

information or documentation concerning Fairshare. Further, Dennis requested that Margaret execute and submit the necessary documentation to Transamerica for payment of Harry's death benefit, and upon receipt of the insurance proceeds—exceeding one-million dollars—Dennis has taken control of the funds and refused to remit same to Whitebriar or Harry's Estate despite the express terms of the Resolution. Fairshare is indebted to Whitebriar in excess of six-hundred thousand dollars ($600,000.00) with interest accruing daily. Dennis filed a declaratory judgment action seeking a declaration that Fairshare is the sole owner of the life insurance proceeds. He now declares that following Harry's death he unilaterally revoked the Resolution, despite acknowledging the existence of same and advising Margaret that he would pay Fairshare's debts to Whitebriar and then remit any excess insurance proceeds to Margaret. Margaret answered the complaint and filed a counterclaim against Fairshare for (1) a declaratory judgment; (2) breach of contract; (3) conversion; (4) fraud; (5) tortious interference with contractual relations; and (6) duty to provide an accounting. Additionally, Margaret filed a Third-Party Complaint against Dennis, as the sole member of Fairshare, alleging the same counts and also including a claim for breach of fiduciary duties.

## II.     RELEVANT LEGAL ISSUES

Margaret maintains that the Resolution is a valid and fully enforceable agreement and thus Fairshare must comply with the terms thereof paying its debt to Whitebriar and then remitting any remaining proceeds to Margaret. While Margaret is amenable to a discussion with the Court regarding mediation of this matter, she is gravely concerned with the fraudulent conduct of Fairshare and Dennis following Harry's death, their failure to provide an accounting, and their custody and control of the more than one-million dollars in life insurance proceeds. Therefore, Margaret would request that this Court grant the pending Motion for Prejudgment

Attachment and order the total amount of the insurance proceeds Fairshare and Dennis received from Transamerica be deposited into an interest-bearing account running in favor of Margaret.

                                                  Defendants/Counterclaim Plaintiffs/Third Party Plaintiffs,
Margaret G. Van Sciver, in her capacity as Executrix of the Estate of Harry B. Van Sciver and Margaret G. Van Sciver, individually,
By their Attorneys,

 /s/ Matthew T. Oliverio
Matthew T. Oliverio, Esquire (#3372)
Gina Renzulli Lemay, Esquire (#7405)
OLIVERIO & MARCACCIO LLP
30 Romano Vineyard Way, Suite 109
North Kingstown, RI 02852
(401) 861-2900
(401) 861-2922 Fax
mto@om-rilaw.com
grl@om-rilaw.com

**CERTIFICATE OF SERVICE**

     I hereby certify that the foregoing was filed electronically with the United States District Court for the District of Rhode Island on the 11th day of July 2024, and is available for viewing and downloading from the Electronic Case Filing system. A copy of the foregoing will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by mail to those indicated as nonregistered participants.

 /s/ Matthew T. Oliverio